# EXHIBIT A





**Your Missouri Courts**

Case.net Missouri

Search for Cases by: [Select Search Method...        ▾]

| Judicial Links | | eFiling | | Help | | Contact Us | | Print | | | Logon |

## 18SL-CC04689 - PATRICE RHODES V FEDERAL NATIONAL MORTGAGE ASSOSION (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ○ Descending  ○ Ascending     Display Options: [All Entries        ▾]

| | |
|---|---|
| **12/14/2018** | **Order**<br>PLAINTIFFS MOTION FOR TRO AND PRELIMINARY INJUNCTION HEARD AND TAKEN UNDER ADVISEMENT SO ORDERED: JUDGE MICHAEL T. JAMISON |
| **12/13/2018** | **Note to Clerk eFiling**<br>**Filed By:** ROGER W WALLACH |
| | **Notice of Hearing Filed**<br>Notice of Hearing on Plaintiffs Motion for TRO and Preliminary Injunction.<br>**Filed By:** ROGER W WALLACH<br>**On Behalf Of:** PATRICE RHODES |
| | **Memo of Law in Supprt of Filed**<br>Memorandum in Support of Plaintiffs Motion for TRO and Preliminary Injunction.<br>**Filed By:** ROGER W WALLACH |
| | **Mot for Temp Restraining Order**<br>Motion for TRO and Preliminary Injunction.<br>**Filed By:** ROGER W WALLACH |
| | **Filing Info Sheet eFiling**<br>**Filed By:** ROGER W WALLACH |
| | **Note to Clerk eFiling**<br>**Filed By:** ROGER W WALLACH |
| | **Pet Filed in Circuit Ct**<br>Petition for Wrongful Foreclosure and Other Torts.<br>**On Behalf Of:** PATRICE RHODES |
| | **Judge Assigned** |

Case.net Version 5.14.0.6                 [Return to Top of Page](#)                 Released 12/31/2018



**EXHIBIT A**

**18SL-CC04689**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### TWENTY-FIRST JUDICIAL CIRCUIT
### STATE OF MISSOURI

| | |
|---|---|
| PATRICE RHODES, an individual ) | |
| ) | |
|     Plaintiff, ) | |
| ) | **Case #** |
| vs. ) | |
| ) | **Division:** |
| FEDERAL NATIONAL MORTGAGE, ) | |
| ASSOCIATION, ) | |
| ) | |
| Serve At: Midtown Center ) | |
|     1100  15th Street, NW ) | |
|      Washington, DC 20005 ) | |
| ) | |
| ) | |
| WELLS FARGO HOME MORTGAGE ) | |
| ) | |
| Serve At: 1572 S. Lindbergh Blvd. ) | |
|     St. Louis, MO 63131 ) | |
|      Washington, DC 20005 ) | |
| ) | |
|     and ) | |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, ) | |
| ) | |
| Serve At:  Deutsche Bank and Trust Co. ) | |
|     60 Wall Street ) | |
|     New York City, NY 10005 ) | |
| ) | |
|     Defendants. ) | |

## PLAINTIFF'S PETITON FOR WRONGFUL FORECLOSURE, VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT, NEGLIGENT MISREPRESENTATION, BREACH FOF CONTRACT, PROMISSORY ESTOPPEL, AND VIOLATONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, AND FOR RELATED TRO AND INJUNCTIVE RELIEF

COMES NOW, PATRICE RHODES, ("Plaintiff") by and through her undersigned

attorney, and her for Petition for Damages, states as follows:

1

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

1. Plaintiff is a resident of the County of St. Louis, state of Missouri.

2. Defendant Wells Fargo Home Mortgage ("Wells Fargo")  is a foreign corporation doing business in the state of Missouri.

3. On May 30, 2003, Donald A. Bly and Kristyn Bly, as husband and wife, and a grantors, executed a General Warranty Deed in favor of Plaintiff, a single person and as grantee on a parcel of real estate situate in the County of St. Louis, state of Missouri, more specifically known and numbered as: 13007 Autumn Field Drive #66, St. Louis, Missouri 63146-1806, Unit 66 of FIELD POINTE CONDOMINIUM PLAT 10 Condominiums, according to the plat thereof recorded in Plat Book 270, Page 94, of the St. Lois County Records, together with the undivided share of common elements and appurtenances thereof belonging, all according to and more particularly described and shown in the FIELD POINTE Declaration of Condominium By-Laws and Indentures in Book 7797, Page 1929 and all subsequent amendments thereof, of the St. Louis County Records.

4. On June 20, 2003, Plaintiff executed a deed of trust in favor of Chase Manhattan Bank ("Chase") in the amount of two hundred seven thousand dollars ($207,000.00).

5. On January 21, 2004, Plaintiff executed a deed of trust in favor of Wells Fargo ("Defendant"), in the amount of two hundred eight thousand dollars ($208,000.00).

6. On February 17, 2004, Chase executed a deed of release on the subject property.

7. Chase is not a party this action.

8. Plaintiff began to experience financial difficulties, and on February 22, 2012, Wells Fargo "reviewed" Plaintiff's loan file to determine whether Plaintiff qualified for a Loan Modification.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

9.  On June 7, 2012, Wells Fargo approved Plaintiff's request for a Loan Modification.

10. On June 8, 2012, Plaintiff executed a Home Affordable Modification Agreement with Wells Fargo.

11. Thereafter, Plaintiff performed fully and completely all necessary conditions under the written loan modification agreement, and at no time was Plaintiff in breach of any material term or condition of the agreement.

12. On December 13, 2017, Wells Fargo foreclosed on Plaintiff's property.

13. On January 9, 2018, Wells Fargo's assignee, Defendant Deutsche Bank National Trust Company ("Deutsche"), filed an unlawful detainer action against Plaintiff in which said assignee sought to evict Plaintiff from the subject property, as Case No.18SL-AC00658.

14. On June 11, 2018, Plaintiff filed a predecessor to this action, and Motion for TRO and Injunctive relief, against Deutsche which became Case No. 18SL-CC02339.

15. On that same date, June 11, 2018, this Court granted Plaintiff a TRO and, on June 14, 2018, this Court granted Plaintiff a Preliminary Injunction in, staying the eviction proceedings in Associate Circuit Court until the merits of Plaintiff's causes of action in the predecessor to this case could be determined.

16. On August 22, 2018, opposing counsel removed the predecessor to this case to Federal Court, where it became Case No. 4:18-CV-01391-CDP in the Eastern District of Missouri.

17. Subsequently, the Federal Court accepted Deutsche's argument that it, as assignee of Wells Fargo, was not the proper defendant.

18. Therefore, on October 1, 2018, the Federal Court dismissed the removed action.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

19. On September 12, 2018, FNMA filed a new Unlawful Detainer action against Plaintiff herein, Patrice Rhodes, as FNMA v. Rhodes, Case No. 18SL-AC25160.

20. Trial to evict Ms. Rhodes from her home is set for this coming Monday, 12/1718, on FNMA v. Rhodes.

21. Despite Deutsche's contention in Federal Court that it was not the proper party (which apparently prevailed), Deutsche, throughout the pendency of this Court's Preliminary Injunction, repeatedly continued hearings in its original Unlawful Detainer action.

22. In fact, just last week, trial to evict Ms. Rhodes was set on 12/10/17 in the original eviction case, Deutsche v. Rhodes, 18SL-CC00658.

23. Trial on December 10, 2017, was averted only by Ms. Rhodes filing of a bankruptcy in the US Bankruptcy Court for the Eastern District of Missouri. (This bankruptcy filing has since been dismissed.)

24. Moreover, the subjecting of Ms. Rhodes to two actions for the same thing still continues:  in addition to "trial" in FNMA v. Rhodes this coming Monday, a "hearing" in Deutsche v. Rhodes also is scheduled for that same date.

## COUNT I

## TRO and TEMPORARY AND PERMANENT INJUNCTION

### Against all Defendants

25. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

4

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

26. Any claim by Deustsche or FNMA to proper title to the underlying property in this case derives solely from the validity *vel non* of the alleged foreclosure by Wells Fargo on December 13, 2017.

27. Apart from the change in party, from Wells Fargo's assignee, Deutsche, to Defendant FNMA, the circumstances have not changed and Plaintiff herein, Ms. Rhodes, should have her day in Court prior to losing her home to an eviction which will later turn out to have been wrongful.

28. Plaintiff therefore files herewith a Motion for Temporary Restraining Order against all eviction cases in Associate Circuit Court, to renew the Preliminary Injunction against Deutsche v. Rhodes, case No. 18SL-CC00658 and to extend the Preliminary Injunction on the same terms to the other eviction case, FNMA v. Rhodes, 18SL-CC25160.

WHEREFORE, having fully pled, Plaintiff prays for a Motion for Temporary Restraining Order against all eviction cases in Associate Circuit Court, to renew the Preliminary Injunction against Deutsche v. Rhodes, case No. 18SL-CC00658 and to extend the Preliminary Injunction on the same terms to the other eviction case, FNMA v. Rhodes, 18SL-CC25160.., and for any such further relief this court deems just and proper

## COUNT II - WRONGFUL FORECLOSURE

### (Against Defendant Wells Fargo)

29. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

30. A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced. *Peterson v. Kansas City Life Ins. Co.,* 339 Mo. 700, 98 S.W.2d 770, 773-75 (1936); *Moore v. Moore,* 544 S.W.2d 279, 282 (Mo.App.1976); *Spires v. Lawless,* 493 S.W.2d 65, 72 (Mo. App.1973).

31. At the time of the foreclosure, Wells Fargo had no legal right to foreclose because at the time of foreclosure, Plaintiff was not in breach (default) and in fact, Plaintiff was in full and complete compliance with all material terms and conditions of the Loan Modification Agreement.

32. Plaintiff seeks to set aside the wrongful foreclosure because Wells Fargo had no right to foreclose.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for an amount that is fair and reasonable in excess of $25,000.00, and for any such further relief this court deems just and proper.

## COUNT III
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT (RSMo. Section 407 et seq. "MMPA"

### (Against Defendant Wells Fargo)

33. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

6

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

34. The Missouri Merchandising Practices Act's fundamental purpose is the "protection of consumers," *State ex rel. Nixon v. Continental Ventures Inc.,* 84 S.W.3d 114, 117 (Mo.App.2002),* and, to promote that purpose, the act prohibits false, fraudulent or deceptive merchandising practices.

35. RSMo., Section 407.020 provides that certain acts "in connection with the sale or advertisement of any merchandise in trade or commerce" are unlawful. Section 407.020.1. Specifically, section 407.020.1 declares the scope of the prohibited unlawful practices: The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri, is declared to be an unlawful practice.

36. The legislature intended section 407.020 to "supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions." *State ex rel. Danforth v. Independence Dodge, Inc.,* 494 S.W.2d 362, 368 (Mo.App. 1973).

37. Sec. 407.020 does not define deceptive practices; it simply declares unfair or deceptive practices unlawful. This was done to give broad scope to the meaning of the statute and to prevent evasion because of overly meticulous definitions. This leaves to the court in each particular instance the determination whether fair dealing has been violated. It is the defendant's conduct, not his intent, which determines whether a violation has occurred. It is not necessary in order to establish "unlawful

7

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

practice" to prove the elements of common law fraud.*State ex rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633, 635 (Mo.App.1988)(internal citations omitted).

38. Plaintiff alleges that Defendant Wells Fargo violated the MMPA by making false promises, engaging in deceptive practices, and concealing false and material information from Plaintiff, to-wit: inducing Plaintiff into the false belief that Defendant would honor and fully perform its obligations under the Loan Modification Agreement, when all Wells Fargo really intended to do was deceive Plaintiff and engage in dilatory tactics for the sole purpose of foreclosing on Plaintiff.

39. As a direct and proximate result of Defendant's actions, Plaintiff sustained injury and damages.

40. Defendant's actions were unconscionable, and Plaintiff respectfully seeks relief as provided by the MMPA.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for the maximum amount allowed by statute, and for any such further relief this court deems just and proper.

## COUNT IV -  BREACH OF CONTRACT

### (Against Defendant Wells Fargo)

41. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

42. A breach of contract action requires pleading and proof of the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Howe v. ALD Servs., Inc.,* 941 S.W.2d 645, 650 (Mo.App.1997).

43. Plaintiff executed a Loan Modification Agreement with Defendant, giving full and fair consideration.

44. Plaintiff complied with all material conditions of the agreement/contract.

45. Wells Fargo breached the agreement by foreclosing on Plaintiff, notwithstanding the fact that Plaintiff was not in default under the terms of the Loan Modification Agreement.

46. As a direct and proximate result of Defendant's breach, Plaintiff sustained injury and damages.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for an amount that is fair and reasonable in excess of $25,000.00, and for any such further relief this court deems just and proper.

## COUNT V – PROMISSORY ESTOPPEL

### (Against Defendant Wells Fargo)

47. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

48. Pleading in the alternative, a claim of promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only

9

**EXHIBIT A**

enforcement of the promise could cure. *Zipper v. Health Midwest,* 978 S.W.2d 398, 411 (Mo.App. 1998); *see In re Jamison's Estate,* 202 S.W.2d 879, 886 (Mo.1947).

49. Clearly, Defendant made a promise to Plaintiff that it would modify Plaintiff's loan.

50. Plaintiff, has relied to her severe detriment, on Defendant's promise.

51. Naturally, Defendant, in making the aforementioned promise and representations, intended and expected Plaintiff to rely on same.

52. As a direct and proximate result of Defendant's actions Plaintiff sustained injury and damages.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for an amount that is fair and reasonable in excess of $25,000.00, and for any such further relief this court deems just and proper.

## COUNT VI – NEGLIGENT MISREPRESENTATION

### (Against Defendant Wells Fargo)

53. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

54. The elements of negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a

10

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

pecuniary loss. *Dancin Development, L.L.C. v. NRT Missouri, Inc.,* 291 S.W.3d 739, 744 (Mo.App.2009). A party must prove every element of a claim for negligent misrepresentation for the claim to succeed. *Id.*

55. With regard to the first element, clearly Wells Fargo supplied Plaintiff with information regarding Plaintiff's loan modification, including, but not limited to, a "HAMP" contract, and more specifically, that Defendant would modify Plaintiff's loan and not pursue foreclosure, if Plaintiff provided certain and specific documents. This of course was false.

56. Defendant intentionally provided loan modification information to Plaintiff for Plaintiff's guidance through the loan modification process.

57. Plaintiff justifiably relied on Defendant's information.

58. As a direct and proximate result of Plaintiff's reliance on Defendant's information, Plaintiff has indeed suffered a pecuniary loss, including, severe emotional distress.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for an amount that s fair and reasonable in excess of $25,000.00, and for any such further relief this court deems just and proper.


**COUNT VII – VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA")**

**(Against Defendant Wells Fargo)**

59. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth here.

60. This court has jurisdiction over Plaintiff's claims pursuant to Article V, section 14 of the Missouri Constitution.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

61. The Fair Debt Collection Practices Act ("FDCPA") makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

62. Wells Fargo is a "debt collector" under the FDCPA.

63. Wells Fargo employed false, deceptive and misleading representations to Plaintiff when it, *inter alia*, induced Plaintiff to believe that it would not foreclose on Plaintiff's property if Plaintiff complied with all material terms and conditions of its loan modification agreement.

64. Plaintiff in fact complied fully and completely with all material terms and conditions of the loan modification agreement, yet Defendant foreclosed wrongfully.

65. As a direct and proximate of defendant's actions, Plaintiff sustained injury and damages.

66. Plaintiff prays for damages as provided by the FDCPA.

WHEREFORE, having fully pled, Plaintiff prays for judgment against Defendant Wells Fargo for maximum amount allowed by Statute, and for any such further relief this court deems just and proper.

Respectfully submitted

WALLACH & ASSOCIATES, PC

By: ___*/Roger W Wallach/*_____
      ROGER W. WALLACH, #38765
      36 Four Seasons, Ste. 250
      Chesterfield, Missouri 63017
      Telephone (314) 308-2900
      Facsimile (866) 303-5959
      Email roger@wallachpc.com
      Attorney for Plaintiff

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 03:34 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was sent this 13th day of December, 2018 (Mark "**X**" as applicable:)

☐ via first class mail      ☐ via facsimile

X  via email      ☐ via personal service

To:     sscharenborg@km-law.com
         Shawn M. Scharenborg
         Senior Associate Attorney
         Kozney & McCubbin, L.C.
         12400 Olive Blvd., Suite 555
         St. Louis, MO 63141

and

Devon Porter
dporter@km-law.com

By:    */Roger W Wallach/*      
ROGER W. WALLACH, #38765
36 Four Seasons, Ste. 250
Chesterfield, Missouri 63017
Telephone (314) 308-2900
Facsimile (866) 303-5959
Email roger@wallachpc.com
Attorney for Plaintiff

13

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **PATRICE RHODES, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case #**   **18SL-CC04689** |
| **vs.** | ) | |
| | ) | **Division:**   **10** |
| **FEDERAL NATIONAL MORTAGE,** | ) | |
| **ASSOCIATION,** | ) | |
| | ) | |
| **WELLS FARGO HOME MORTGAGE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DEUTSCHE BANK NATIONAL** | ) | |
| **TRUST COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION**
**FOR PRELIMINARY INJUNCTION**

COMES NOW, PATRICE RHODES, ("Plaintiff") by and through her undersigned

attorney, and for her Motion for Temporary Restraining Order ("TRO"), Preliminary Injunction,

and Memorandum in Support of TRO and Preliminary Injunction states as follows:

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

1. On May 30, 2003, Donald A. Bly and Kristyn Bly, husband and wife, as grantors,

   executed a General Warranty Deed in favor of Patrice Rhodes, a single person, as

   grantee, on the subject property --- legal description as follows:  Unit 66 of FIELD

   POINTE CONDOMINIUM PLAT 10 Condominiums, according to the plat thereof

   recorded in Pat Book 270, Peg 94, of the St. Louis County Records, together with the

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

undivided share of common elements and appurtenances thereto belonging, all according to and more particularly described and shown in the FIELD POINTE Declaration of Condominium By-Laws and Indentures recorded in Book 7797, Page 1929 and all subsequent amendments thereof, of the St. Louis County Records.

2. On June 20, 2003, Patrice Rhodes executed a deed of trust in favor of Chase Manhattan Bank ("Chase") in the amount of two hundred seven thousand dollars ($207,000.00), on the above-referenced property.

3. On January 21, 2004, Patrice Rhodes executed a deed of trust in favor of Wells Fargo in the amount of two hundred eight thousand dollars ($208,000.00)

4. On February 17, 2004, Chase executed a deed of release on the subject property, in favor of Patrice Rhodes.

5. On February 22, 2012, Wells Fargo began to "review" Plaintiff's request for a loan modification, and on June 7, 2012, Wells Fargo approved Plaintiff's loan modification.

6. On June 7, 2012, Plaintiff executed a Home Affordable Modification Agreement ("HAMP").

7. On December 13, 2017, notwithstanding the existence of a binding enforceable Loan Modification Agreement, Defendant foreclosed on Plaintiff's property.

8. On or about January 9, 2018, Defendant filed an Unlawful Detainer action against Plaintiff in which Defendant seeks to remove Plaintiff from her homestead.

9. On June 11, 2018, Plaintiff filed a Petition for Damages against Defendant Deutsche in which she sought, *inter alia*, a Temporary Restraining Order and Preliminary Injunction to enjoin any eviction, unless and until Plaintiff's claims have been tried by this court. Said action became Case No. 18SL-CC02339.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

10. On that same date, June 11, 2018, this Court granted Plaintiff a TRO and, on June 14, 2018, this Court granted Plaintiff a Preliminary Injunction, staying the eviction proceedings in Associate Circuit Court until the merits of Plaintiff's causes of action in the predecessor to this case could be determined.

11. On August 22, 2018, opposing counsel removed the predecessor to this case to Federal Court, where it became Case No. 4:18-CV-01391-CDP in the Eastern District of Missouri.

12. Subsequently, the Federal Court accepted Deutsche's argument that it, as assignee of Wells Fargo, was not the proper defendant.

13. Therefore, on October 1, 2018, the Federal Court dismissed the removed action.

14. On September 12, 2018, FNMA filed a new Unlawful Detainer action against Plaintiff herein, Patrice Rhodes, as FNMA v. Rhodes, Case No. 18SL-AC25160.

15. Trial to evict Ms. Rhodes from her home is set for this coming Monday, December 17, 2018, on FNMA v. Rhodes.

16. Despite Deutsche's contention in Federal Court that it was not the proper party, Deutsche, throughout the pendency of this Court's Preliminary Injunction, rather than dismiss its Unlawful Detainer action, instead repeatedly continued hearings on it.

17. In fact, just last week, trial to evict Ms. Rhodes was set on December 10, 2017, in the original eviction case, Deutsche v. Rhodes, 18SL-CC00658.

18. Trial on December 10, 2017, was averted only by Ms. Rhodes filing of a bankruptcy in the US Bankruptcy Court for the Eastern District of Missouri. (This bankruptcy filing has since been dismissed.)

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

19. Moreover, the subjecting of Ms. Rhodes to two actions for the same thing still continues: In addition to "trial" in FNMA v. Rhodes this coming Monday, a "hearing" in Deutsche v. Rhodes also is on the docket in that case for that same date.

20. As further set forth in Plaintiff's Memorandum in Support of this Motion, Plaintiff has demonstrated that the threat of irreparable harm to Plaintiff absent the injunction is extremely high, the balance between that harm and the injury the injunction would inflict on other interested parties (including Defendant) overwhelmingly favors Plaintiff in that the harm to others would be minimal by comparison, Plaintiff has demonstrated sufficient probability of success on the merits – her claims are multiple and the likelihood that one or more of them should prevail is high -- and the public interest to see justice done in this case is greatly favored by allowing for considered judicial action which the TRO and Preliminary Injunction sought by Plaintiff would allow.

WHEREFORE, Plaintiff requests this Honorable Court enter its Temporary Restraining Order ("TRO") staying the proceedings in the two Unlawful Detainer Cases currently pending in this Court: Deutsche Bank National Trust Co. v. Rhodes, Case No. 18SL-AC00658 and FNMA v. Rhodes, Case No. 18SL-AC25160, until the merits of this case can be ascertained or, at a minimum, through the time of a follow up Preliminary Injunction hearing in this matter at which time it would be expected that this Court would determine whether said TRO shall be converted into an appropriate Preliminary Injunction and similarly for a Permanent Injunction, through trial of this matter.

Respectfully submitted

WALLACH & ASSOCIATES, PC

# EXHIBIT A

By: ___/s/*Roger Wallach*_____
ROGER W. WALLACH, #38765
36 Four Seasons, Ste. 250
Chesterfield, Missouri 63017
Telephone (314) 308-2900
Facsimile (866) 303-5959
Email roger@wallachpc.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was sent this 13th day of December, 2018 (Mark "**X**" as applicable:)

□ via first class mail        □ via facsimile
X via email                □ via personal service
To:      sscharenborg@km-law.com
         Shawn M. Scharenborg
         Senior Associate Attorney
         Kozney & McCubbin, L.C.
         12400 Olive Blvd., Suite 555
         St. Louis, MO 63141

and

Devon Porter
dporter@km-law.com

By: ___/s/*Roger Wallach*_____
ROGER W. WALLACH, #38765
36 Four Seasons, Ste. 250
Chesterfield, Missouri 63017
Telephone (314) 308-2900
Facsimile (866) 303-5959
Email roger@wallachpc.com
Attorney for Plaintiff

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### TWENTY-FIRST JUDICIAL CIRCUIT
### STATE OF MISSOURI

PATRICE RHODES, an individual    )
                                       )

       **Plaintiff,**             )

                                     )    **Case #**        **18SL-CC04689**

**vs.**                                   )

                                   )    **Division:**    **10**

**FEDERAL NATIONAL MORTAGE,**   )
**ASSOCIATION,**                   )

                                   )

**WELLS FARGO HOME MORTGAGE**  )

                                   )

       **and**                )

                                   )

**DEUTSCHE BANK NATIONAL**     )
**TRUST COMPANY,**              )

                                   )

       **Defendants.**         )

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW, PATRICE RHODES, ("Plaintiff") by and through her undersigned attorney, and for her Motion for Temporary Restraining Order ("TRO"), Preliminary Injunction, and Memorandum in Support of TRO and Preliminary Injunction states as follows:

### BACKGROUND FACTS AND PROCEDURAL HISTORY

1. On May 30, 2003, Donald A. Bly and Kristyn Bly, husband and wife, as grantors, executed a General Warranty Deed in favor of Patrice Rhodes, a single person, as grantee, on the subject property --- legal description as follows:  Unit 66 of FIELD POINTE CONDOMINIUM PLAT 10 Condominiums, according to the plat thereof recorded in Pat Book 270, Peg 94, of the St. Louis County Records, together with the

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

undivided share of common elements and appurtenances thereto belonging, all according to and more particularly described and shown in the FIELD POINTE Declaration of Condominium By-Laws and Indentures recorded in Book 7797, Page 1929 and all subsequent amendments thereof, of the St. Louis County Records.

2. On June 20, 2003, Patrice Rhodes executed a deed of trust in favor of Chase Manhattan Bank ("Chase") in the amount of two hundred seven thousand dollars ($207,000.00), on the above-referenced property.

3. On January 21, 2004, Patrice Rhodes executed a deed of trust in favor of Wells Fargo in the amount of two hundred eight thousand dollars ($208,000.00)

4. On February 17, 2004, Chase executed a deed of release on the subject property, in favor of Patrice Rhodes.

5. On February 22, 2012, Wells Fargo began to "review" Plaintiff's request for a loan modification, and on June 7, 2012, Wells Fargo approved Plaintiff's loan modification.

6. On June 7, 2012, Plaintiff executed a Home Affordable Modification Agreement ("HAMP").

7. On December 13, 2017, notwithstanding the existence of a binding enforceable Loan Modification Agreement, Defendant foreclosed on Plaintiff's property.

8. On or about January 8, 2018, Defendant Deutsche filed an Unlawful Detainer action against Plaintiff in which Defendant sought to remove Plaintiff from her homestead.

9. On June 11, 2018, Plaintiff filed a Petition for Damages against Defendant Deutsche in which she sought, *inter alia*, a Temporary Restraining Order and Preliminary Injunction to enjoin any eviction, unless and until Plaintiff's claims have been tried by this court. Said action became Case No. 18SL-CC02339.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

10. On that same date, June 11, 2018, this Court granted Plaintiff a TRO and, on June 14, 2018, this Court granted Plaintiff a Preliminary Injunction, staying the eviction proceedings in Associate Circuit Court until the merits of Plaintiff's causes of action in the predecessor to this case could be determined.

11. On August 22, 2018, opposing counsel removed the predecessor to this case to Federal Court, where it became Case No. 4:18-CV-01391-CDP in the Eastern District of Missouri.

12. Subsequently, the Federal Court accepted Deutsche's argument that it, as assignee of Wells Fargo, was not the proper defendant.

13. Therefore, on October 1, 2018, the Federal Court dismissed the removed action.

14. On September 12, 2018, FNMA filed a new Unlawful Detainer action against Plaintiff herein, Patrice Rhodes, as FNMA v. Rhodes, Case No. 18SL-AC25160.

15. Trial to evict Ms. Rhodes from her home is set for this coming Monday, December 17, 2018, on FNMA v. Rhodes.

16. Despite Deutsche's contention in Federal Court that it was not the proper party, Deutsche, throughout the pendency of this Court's Preliminary Injunction, rather than dismiss its Unlawful Detainer action, instead repeatedly continued hearings on it.

17. In fact, just last week, trial to evict Ms. Rhodes was set on December 10, 2017, in the original eviction case, Deutsche v. Rhodes, 18SL-AC00658.

18. Trial on December 10, 2017, was averted only by Ms. Rhodes filing of a bankruptcy in the US Bankruptcy Court for the Eastern District of Missouri. (This bankruptcy filing has since been dismissed.)

3

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

19. Moreover, the subjecting of Ms. Rhodes to two actions for the same thing still continues: In addition to "trial" in FNMA v. Rhodes this coming Monday, a "hearing" in Deutsche v. Rhodes also is scheduled for that same date.

## **LEGAL ANALYSIS**

TEST FOR PRELIMINARY INJUNCTIVE RELIEF UNDER MISSOURI LAW

20. The factors that a court must weigh in deciding whether to issue a preliminary injunction are as follows: 1. the movant's probability of success on the merits, 2. the threat of irreparable harm to the movant, absent the injunction, 3. the balance between that harm and injury that the injunction's issuance would inflict on other interested parties, and 4. the public interest. *State ex rel. Director of Revenue, State of Missouri v. Gabbert*, 925 S.W.2d 838, 830 (Mo. 1996). Plaintiff Patrice Rhodes clearly meets all four elements of this balancing test. Vis-a-vis the second element, irreparable harm, the court's failure to grant an injunction in this case will allow  Wells Fargo National Bank and Deutsche Bank National Trust Company  (hereinafter "Wells Fargo/Deutsche") to proceed with evicting Patrice Rhodes from her home prior to this court's determination on the merits of Ms. Rhodes' claims against Wells Fargo/Deutsche. If Ms. Rhodes is evicted from her home prior to a determination on the merits of the foreclosure, Wells Fargo/Deutsche will be free to sell the home on the open market to an unrelated, *bona fide* third-party purchaser for value. Then, if Ms. Rhodes later prevails on her claims this Court will be unable to grant her the remedy she seeks: restoration of title and possession. With regard to balancing the harms, clearly Ms. Rhodes's eviction from her home is incomparably more devastating and harmful than if this court allowed Wells Fargo/Deutsche to proceed

4

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

with an unlawful eviction. By contrast, the inability of Wells Fargo/Deutsche to put the house on the market for a few more months, until the matter can be tried and decided, is relatively minor and easily endured. Wells Fargo/Deutsche on information and belief, has acquired scores of homes by and through foreclosure, and in point of fact, Wells Fargo/Deutsche is currently in the process of marketing Ms. Rhodes' home, albeit prematurely. The crux of the matter in this case centers around the first element, the movant's probability of success on the merits. This pleading intends to enlighten the Court by providing the proper perspective as it relates to the probability of success on the merits of Plaintiff's claims.

21. It is incumbent upon Ms. Rhodes to make some showing of "probability of success on the merits" before a preliminary injunction will be issued. This is a simple statement of Missouri law. Accordingly, it is the Plaintiff's burden to convince the Court that it is probable that she can establish, by a preponderance of the evidence,  (1) a claim of wrongful foreclosure, (2) violations of the Real Estate Settlement and Procedures Act ("RESPA"), (3) violations of the Fair Debt Collections Practices Act ("FDCPA"), (4) breach of contract; (5) negligent misrepresentation, (6) breach of contract, (7) violations of the Truth in Lending Act ("TIAL"), (8) violations of the Missouri Merchandising Practices Act ("MMPA"), (9) promissory estoppel, (10) equitable estoppel and (11) fraud. Ms. Rhodes does not dispute that a party seeking preliminary injunctive relief must always establish the likelihood of success on the merits on at least one of her underlying claims, by a simple preponderance of the evidence. Plaintiff contends that she can, and if this court grants her a TRO she will in fact plead and prove all of the essential elements of several, if not all, of the aforementioned clams.

EXHIBIT A

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

22. RESPA is a consumer-protection statute that imposes certain obligations and prohibitions on loan servicers (as distinct from loan owners) with respect to the loans that they service.

23. RESPA requires a servicer to, *inter alia*, respond to a borrower's request for certain and specific types of information, under a Qualified Written Request ("QWR"). RESPA does not require a servicer to respond to any question that a borrower may ask — no matter how broad, vague, or far afield. Under RESPA, loan servicers are only required to respond to any "qualified written request from the borrower ... for information relating to the servicing of her loan...." 12 U.S.C. § 2605(e)(1)(A). "The term `servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required...." 12 U.S.C. § 2605(i)(3). A request for information is not a QWR — and thus need not be answered under RESPA — if it does not "provide[] sufficient detail to the servicer regarding ... information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). A servicer must acknowledge receipt of a QWR within 20 business days. 12 U.S.C. § 2605(e)(1)(A). Within 60 business days of receiving a QWR, the servicer must either (1) make and inform the borrower of appropriate corrections to the borrower's account; (2) provide the borrower a written explanation of why the servicer believes the account is correct, and provide the name and phone number of an employee or department that can provide further assistance; or (3) provide the information requested by the borrower or provide an explanation for why that information will not be provided, along with a name and phone number of a person or

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

department that can provide further assistance. 12 U.S.C. § 2605(e)(2). Prior to foreclosure, Ms. Rhodes submitted a QWR to Wells Fargo, a copy of which is attached hereto and incorporated by reference. To this date, Wells Fargo has failed to provide any of the documents and/or information requested under Ms. Rhodes' RESPA request, and as such, this court must grant a TRO to halt any eviction or unlawful detainer action unless and until Wells Fargo complies with its legal obligations under RESPA because until then, Wells Fargo/Deutsche does not acquire any legal right to foreclose, and thereafter evict.

24. This court must further grant a TRO because Wells Fargo/Deutsche has violated its legal obligations under the FDCPA, thereby barring any legal right to foreclose. The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e)" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir.2002). The Act prohibits, *inter alia*, "the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls. 15 U.S.C. § 1692d." *Id*. Debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt. *Id*. (citing 15 U.S.C. §§ 1692e, 1692f). Wells Fargo/Deutsche violated the FDCPA on multiple occasions by threatening to take legal action that it was not allowed to take prior to the purported foreclosure, and accordingly, Ms. Rhodes' motion for a TRO must be sustained.

25. Additionally, this case is replete with instances wherein Wells Fargo/ Deutsche breached multiple contracts and agreements with Ms. Rhodes by offering her at least two loan modifications, which Ms. Rhodes accepted timely, thereby creating a binding contract.

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

**See Plaintiff's Exhibit 1 and 2 attached and incorporated by reference.** Ms. Rhodes complied fully and completely with all of the express conditions precedent of her written Loan Modification Agreements, only to have Wells Fargo/Deutsche breach these agreements repeatedly. Wells Fargo must not be allowed to proceed with any eviction action because, *inter ali*a, Wells Fargo/Deutsche never obtained a lawful right to foreclose because Ms. Rhodes never materially breached any Loan Modification Agreement, an express necessary condition to Wells Fargo/Deutsche right to foreclose and thereafter, evict lawfully. A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad*., 304 S.W.3d 98, 104 (Mo.2010) (en banc). "A valid contract contains the essential elements of `offer, acceptance, and bargained for consideration.'" *Holmes v. Kansas City Mo. Bd. of Police Comm'rs ex rel. Its Members*, 364 S.W.3d 615, 622 (Mo.Ct.App.2012) (quoting *Johnson v. McDonnell Douglas Corp*., 745 S.W.2d 661, 662 (Mo.1988) (en banc*)). See*, *Topchian v, J.P. Morgan Chase*, 760 F.3d 843 (8th Cir. 2014). Clearly, following *Topchian*, Wells Fargo/Deutsche breached its binding Loan Modification Agreements with Ms. Rhodes by seeking and foreclosing, albeit, unlawfully, by failing to perform any or all of its duties under the Modification Agreements, and thus, a TRO must issue.

26. To the extent Wells Fargo denies the existence of a legally binding contract, Ms. Rhodes argues, in the alternative, that Wells Fargo must not be allowed to proceed with its unlawful detainer action based on the long-established doctrine of promissory estoppel. Promissory estoppel is an equitable doctrine that implies a contract in law where none

8

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

exists in fact.  *Martens v. Minnesota Mining & Mfg. Co*., 616 N.W.2d 732, 746 (Minn.2000) (quotation and citations omitted).

27. "Promissory estoppel has three elements: (1) a clear and definite promise; (2) the promisor intended to induce reliance and such reliance occurred; and (3) the promise must be enforced to prevent injustice." *Greuling v. Wells Fargo Home Mortgage, Inc*., 690 N.W.2d 757, 761 (Minn.App.2005) (citing *Olson v. Synergistic Techs. Bus. Sys., Inc*., 628 N.W.2d 142, 152 (Minn.2001)). In the case now before this court, Wells Fargo made promises connected with its Loan Modification Agreement which it intended Ms. Rhodes to rely on; in making the trial payments and otherwise complying with Wells Fargo's terms, Ms. Rhodes relied on Wells Fargo's promises, and a serious injustice will occur if Wells Fargo's promise is not enforced, therefore Wells Fargo clearly must be estopped from proceeding with eviction because Ms. Rhodes has pleaded, and can prove, each and every element of her promissory estoppel claim. A gross injustice will result if this court allows Wells Fargo to move forward on its unlawful detainer claim, after inducing Ms. Rhodes to make and keep her promises under the Loan Modification Agreements, only to breach its duties under its own Loan Modification Agreements. Justice demands the issuance of a TRO to halt any eviction order.

28. Moreover, Wells Fargo violated the Missouri Merchandising Practices Act ("MMPA") by fraudulently inducting Ms. Rhodes into a Loan Modification Agreement that Wells Fargo/Deutsche knew it would not honor, at the very time Wells Fargo/Deutsche made the Loan Modification Agreements.  *Conway v. CitiMortgage, Inc*. 428 S.W.3d 410 (Mo.App 2014) is spot on. In that case, the homeowners appealed from the trial court's judgment dismissing their claim against Federal National Mortgage Association ("Fannie

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

Mae") and CitiMortgage under the Missouri Merchandising Practices Act (MMPA), section 407.020,[1] for an alleged wrongful foreclosure of a deed of trust. The trial court held the MMPA did not apply because Fannie Mae and Citi-Mortgage were not parties to the original loan transaction. It further held that the MMPA did not apply to post-sale activities that were unrelated to claims or representations made before or at the time of the transaction. The homeowners alleged that the trial court erred in construing the phrase "in connection with" too narrowly to exclude post-transaction activities from MMPA coverage. At issue in the case is whether the homeowners sufficiently pleaded that the defendants' alleged wrongful foreclosure was "in connection with" the sale of merchandise so as to state a claim under the MMPA. For the purposes of the MMPA, a loan is an agreed upon bundle of services being "sold" by the lender to the borrower, and the "sale" of a loan lasts until the last service is performed or the loan is repaid. Accordingly, allegations of fraud and deception in the course of those services are "in connection with" the "sale," as required by section 407.020.1. This is true even where, as here, the party committing the alleged fraud or deception is not the seller. As long as the plaintiff alleges that the misconduct occurred in connection with the services that comprise the "sale" of a loan, the actor can be liable under the MMPA. The homeowners alleged that the defendants committed fraud and deception in the course of performing some of the services that were agreed to at the outset of the loan. Because the sale of a loan lasts as long as the agreed upon services are being (or could be) performed, the homeowners' allegations of fraud and deception must have occurred "in connection with" the "sale" of their loan. Other questions relating to whether loan modification negotiations are done "in connection with" the initial extension of credit in a loan are

10

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

considered in a second case, *Watson v. Wells Fargo Home Mortgage, Inc*., 438 S.W.3d

404, 2014 WL 4086486 (Mo. banc 2014) (No. SC93769). The trial court's judgment was

reversed, and the case is remanded. As in *Watson*, in our case Wells Fargo/Deutsche

clearly violated the MMPA and no unlawful detainer action can proceed lawfully. A TRO

must issue. Wells Fargo negligently misrepresented material facts at all relevant times,

upon which Ms. Rhodes relied detrimentally, and as such, Wells Fargo/Deutsche must

not be allowed by this court to proceed with eviction against her.

29. Plaintiff is further entitled to a TRO because Wells Fargo/Deutsche, on behalf of

Defendant, made material, false and negligent misrepresentations to Ms. Rhodes.

Negligent misrepresentation arises when there is a professional party acting in his or her

professional capacity – here, in Wells Fargo/Deutsche's case, acting in  the area of

mortgage refinance – and who makes a misrepresentation or omission which the other

party rightfully relies on to its detriment. See, e.g., *Renaissance Leasing, LLC v. Vermeer*

*Mfg. Co*., 322 S.W.3d 112, 134 (Mo. en banc 2010): The elements of negligent

misrepresentation are: (1) the speaker supplied information in the course of his business;

(2) because of the speaker's failure to exercise reasonable care, the information was false;

(3) the information was intentionally provided by the speaker for the guidance of limited

persons in a particular business transaction; (4) the hearer justifiably relied on the

information; and (5) due to the hearer's reliance on the information, the hearer suffered a

pecuniary loss. [citation omitted]. Here, Ms. Rhodes obviously suffered a substantial loss

by relying to her detriment on the representations that Wells Fargo's duly authorized

agents and employees made to Ms. Rhodes that Wells Fargo would at least consider a

loan modification. A claim for negligent misrepresentation, unlike one for fraud, does not

11

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

involve a question of intent. Rather, such a claim is premised on the theory that the speaker believed the information supplied was correct but was negligent in so believing. *Id.* In sum, per the foregoing analysis, Ms. Rhodes is entitled to a TRO to block any unlawful detainer action by Wells Fargo/Deutsche

30. In *Dataphase*, the 8th Circuit, in its opinion, first reviews the preliminary injunction "test" as traditionally laid out – the four factors stated in Gabbert – and then proceeds to say: The major difficulty with application of the traditional test has arisen from the phrase "probability of success on the merits." Some have read this element of the test to require in every case that the party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits. Under this view, even if the balance of the other three factors strongly favored the moving party, preliminary relief would be denied if the movant could not prove a mathematical probability of success at trial. Although this construction of the "probability of success" requirement is technically possible, we reject it. The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability test. At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir., 1981). Thus, the Gabbert Court's reference to not making the inquiry "rigid or 'wooden'" and that it cannot be carried out with "'mathematical precision'" means that the party seeking preliminary injunctive relief does not always have to pass the 50% mark in the degree of "probability of success on the merits." Rather, it is whether or not the balance of the equities, "requires the court to intervene to preserve the status quo until the merits are determined." *Id*. Granting of the preliminary injunction

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

in this case also will accomplish the purpose of preliminary injunctive relief as set forth in the Missouri statutes: preventing a final judgment of injunction from being ineffectual. The *Gabbert* Court cites *Furniture Mfg. Corp. v. Joseph*, 900 S.W.2d 642 (Mo.App.1995) simply for its recitation of the basic 4-part test cited earlier. In the actual text of the opinion in that case, however, the Court of Appeals states that, although the Supreme Court Rules (on injunctive relief) do not address the substantive factors a court should consider, "section 526.050 R.S.Mo. 1994, authorizes preliminary injunction when the failure to grant a preliminary injunction would have the effect of rendering a final judgment for injunctive relief ineffectual*." Furniture Mfg. Corp*., 900 S.W.2d at 648. So, while the common law balancing of factors certainly must be weighed by the Court, we see that the granting of preliminary injunctive relief in this case would fulfill the statutory purpose.

31. There was never any doubt that Ms. Rhodes and Wells Fargo/Deutsche were engaged in a loan modification agreement. The wrong perpetrated on Ms. Rhodes is that she was lulled into not pursuing other remedies, such as filing a bankruptcy, and that Wells Fargo/Deutsche allegedly foreclosed knowing that Ms. Rhodes lost her opportunity to avail herself of other remedies. Ultimately, this phase of the case is simply about one thing: will Ms. Rhodes be able to assemble her case and prepare for trial in the peace of her own home, or does she have to undergo the further ordeal of being evicted while at the same time preparing for a suit to show that the foreclosure (and, necessarily, the eviction also), were wrongful. Again, assuming that there is not a settlement between the parties, the trial in this matter will be the ultimate determiner of whether Wells Fargo Wells Fargo/Deutsche 's foreclosure was wrongful. In the interim, a temporary restraining

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

order (TRO) and preliminary injunction are the only equitable remedies and it would seem evident that the equities are for this Court to enter its TRO and Preliminary Injunction so as to allow the matter to go to trial with Ms. Rhodes residing in her own home in preparation for that trial.

32. Finally, the validity of the title of either of the two plaintiffs in the two pending unlawful detainer actions, FNMA v. Rhodes, 18SL-AC25160 and Deutsche v. Rhodes, 18SL-AC00658 can be no better than the title as it was in the hands of Wells Fargo, their assignor.  Wells Fargo's title being defective for the reasons shown, these two plaintiffs also have no present right to the property and their Unlawful Detainer action should be made subject to a TRO, Preliminary Injunction and Permanent Injunction.

WHEREFORE, Plaintiff requests this Honorable Court enter its Temporary Restraining Order ("TRO") staying the proceedings in the two Unlawful Detainer Cases until the merits of this case can be ascertained or, at a minimum, through the time of a follow up Preliminary Injunction hearing in this matter at which time it would be expected that this Court would determine whether said TRO shall be converted into an appropriate Preliminary Injunction and similarly for a Permanent Injunction, through trial of this matter.

Respectfully submitted

WALLACH & ASSOCIATES, PC

By: ___/s/*Roger Wallach*_____
      ROGER W. WALLACH, #38765
      36 Four Seasons, Ste. 250
      Chesterfield, Missouri 63017
      Telephone (314) 308-2900
      Facsimile (866) 303-5959
      Email roger@wallachpc.com
      Attorney for Plaintiff

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was sent this 13th day of  Dercember, 2018 (Mark "**X**" as applicable:)

☐  via first class mail        ☐  via facsimile

X  via email        ☐  via personal service

To:     sscharenborg@km-law.com
         Shawn M. Scharenborg
         Senior Associate Attorney
         Kozney & McCubbin, L.C.
         12400 Olive Blvd., Suite 555
         St. Louis, MO 63141

and

Devon Porter
dporter@km-law.com

       */s/ Roger W. Wallach*

15

**EXHIBIT A**

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **PATRICE RHODES, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case #**      **18SL-CC04689** |
| **vs.** | ) | |
| | ) | **Division:**     **10** |
| **FEDERAL NATIONAL MORTGAGE,** | ) | |
| **ASSOCIATION,** | ) | |
| | ) | |
| **WELLS FARGO HOME MORTGAGE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DEUTSCHE BANK NATIONAL** | ) | |
| **TRUST COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF HEARING

Comes now Plaintiff, by and through her undersigned counsel, and states that her Motion for Temporary Restraining Order and Preliminary Injunction in the above-referenced case to stay the proceedings in Deutsche Bank National Trust Co. v. Rhodes, 18SL-AC00658 and in Federal National Mortgage Association v. Rhodes, 18SL-AC25160, will be heard in Div. 10 of the St. Louis County Court on Friday, December 14, 2018, at 10:30 am or as soon thereafter as counsel may be heard.

Respectfully submitted


WALLACH & ASSOCIATES, PC

By: ___/s/*Roger Wallach*_____
          ROGER W. WALLACH, #38765
          36 Four Seasons, Ste. 250
          Chesterfield, Missouri 63017


# EXHIBIT A

Electronically Filed - St Louis County - December 13, 2018 - 04:43 PM

Telephone (314) 308-2900
Facsimile (866) 303-5959
Email roger@wallachpc.com
Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and accurate copy of the foregoing was sent this 13th day of December, 2018 (Mark "**X**" as applicable:)

☐ via first class mail            ☐ via facsimile
X  via email                         ☐ via personal service
To:      sscharenborg@km-law.com
            Shawn M. Scharenborg
            Senior Associate Attorney
            Kozney & McCubbin, L.C.
            12400 Olive Blvd., Suite 555
            St. Louis, MO 63141

and

Devon Porter
dporter@km-law.com

            */s/ Roger W. Wallach*

**EXHIBIT A**

**In the**

# CIRCUIT COURT

**of St. Louis County, Missouri**

Patrice Rhodes

Plaintiff(s)

vs.

Federal Nat'l Mortgage Assn et al

Defendant(s)

[ For File Stamp Only ]

Date   December 14, 2017

Case Number   18SL-CC04689

Division   10

# FILED

DIV.   DEC 14 2018   10

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Plaintiff's motion for TRO and Preliminary Injunction heard and taken under advisement.

**SO ORDERED**

Judge   Michael D. Jamison

**ENTERED:** _____ 12-14-18   LM
(Date)

Attorney   Roger W. Wallach   Bar No. 38765
36 Four Seasons, Ste. 250
Chesterfield, MO 63017
Address   314-308-2900 fax 866-303-5959
roger@wallachpc.com

Phone No.   Fax No.

Attorney   Bar No.

Address

Phone No.   Fax No.

CCOPR47-WS   Rev. 02/14

**EXHIBIT A**